UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETON PARK FUND, L.P. and<br>ETON PARK MASTER FUND, LTD.,<br><br>        Plaintiffs,<br><br>        v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC. (n/k/a VEREIT, INC.), ARC PROPERTIES OPERATING PARTNERSHIP L.P. (n/k/a VEREIT OPERATING PARTNERSHIP, L.P.), AR CAPITAL LLC, NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN S. BLOCK, LISA P. MCALISTER, LISA BEESON, EDWARD M. WEIL, PETER M. BUDKO, BRIAN D. JONES, WILLIAM M. KAHANE, LESLIE D. MICHELSON, WILLIAM G. STANLEY, EDWARD G. RENDELL, SCOTT J. BOWMAN, THOMAS A. ANDRUSKEVICH, and SCOTT P. SEALY, SR.,<br><br>        Defendants. | Civil Action No. 1:16-cv-09393-AKH |

ANSWER AND AFFIRMATIVE DEFENSES OF
THE OUTSIDE, NON-MANAGEMENT DIRECTORS TO THE COMPLAINT

Defendants Thomas A. Andruskevich, Bruce D. Frank, Leslie D. Michelson, Edward G. Rendell and William G. Stanley, current and former outside, non-management directors of Defendant American Realty Capital Properties, Inc. ("ARCP" or the "Company") (collectively, the "Outside, Non-Management Directors"), by and through their undersigned counsel, respectfully submit this Answer and Affirmative Defenses (the "Answer") to the Complaint [Dkt. No. 1] (the "Complaint").

Except as otherwise expressly admitted, the Outside, Non-Management Directors deny every allegation contained in each paragraph of the Complaint, including all headings and

1

subheadings; specifically deny any liability to Plaintiffs; and deny that any of the claims asserted against them may be properly maintained as a class action.  This statement is incorporated into each of the specific responses below as if stated fully therein.

As to the specific paragraphs of the Complaint, the Outside, Non-Management Defendants respond based upon knowledge with respect to themselves and their own acts and on information and belief with respect to all other matters as follows:

1. State that Paragraph 1 contains legal conclusions to which no response is required.

2. State that because Paragraph 2 contains allegations that relate solely to claims that are not asserted against the Outside, Non-Management Directors, no response is required.

3. Admit that certain of the conduct alleged in the Complaint occurred in this District; state that to the extent Paragraph 3 contains legal conclusions, no response is required; and otherwise deny the allegations of Paragraph 3.

4. Deny the allegations of Paragraph 4.

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5.

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6.

7. Admit that ARCP is a corporation organized under the laws of the State of Maryland; admit that ARCP changed its name to VEREIT, Inc.; admit that ARCP's stock traded on NASDAQ under the symbol "ARCP"; and otherwise deny the allegations of Paragraph 7 and refer to ARCP's public filings for a complete and accurate statement of their contents, including a complete and accurate description of ARCP's business.

WEIL:\96012327\2\14807.0003

8. Admit that ARC Properties Operating Partnership L.P. ("ARC Properties") is a subsidiary and the operating partnership of ARCP; admit that ARC Properties is organized under the laws of the State of Delaware; and otherwise deny the allegations of Paragraph 8 and refer to ARC Properties' and ARCP's public filings for a complete and accurate statement of their contents, including a complete and accurate description of ARC Properties' business.

9. Deny that AR Capital LLC provided management and advisory services to ARCP; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9.

10. State that the allegations of Paragraph 10 are not factual allegations, and thus no response is required.

11. Admit that Mr. Schorsch founded ARCP, served as ARCP's Chairman and Chief Executive Officer until September 30, 2014 and remained as ARCP's Chairman until December 12, 2014; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 and refer to the referenced public filings for a complete and accurate statement of their contents, including signatures.

12. Admit that Mr. Block served as ARCP's Chief Financial Officer and Executive Vice President until October 28, 2014; admit that Mr. Block served as ARCP's Secretary and Treasurer from in or around December 2013 until October 28, 2014; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 and refer to the referenced public filings for a complete and accurate statement of their contents, including signatures.

13. Admit that Mr. Kay served as ARCP's President from December 16, 2013 until September 30, 2014 and as ARCP's Chief Executive Officer and a member of ARCP's Board of

Directors from October 1, 2014 until December 15, 2014; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 and refer to the referenced public filings for a complete and accurate statement of their contents, including signatures.

14. Admit that Ms. McAlister served as ARCP's Senior Vice President and Chief Accounting Officer from November 8, 2013 until October 28, 2014; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 and refer to the referenced public filings for a complete and accurate statement of their contents, including signatures.

15. Admit that Ms. Beeson served as ARCP's Chief Operating Officer from November 7, 2013 until September 30, 2014, and as ARCP's President and Chief Operating Officer from October 1, 2014 until December 15, 2014; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 and refer to the referenced public filings for a complete and accurate statement of their contents, including signatures.

16. Admit that Mr. Weil served as a member of the ARCP Board of Directors from March 1, 2012 through June 24, 2014; admit that Mr. Weil served as ARCP's Secretary from December 2010 until in or around December 2013; admit that Mr. Weil served as ARCP's President and Treasurer from March 1, 2012 until in or around December 2013; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 and refer to the referenced public filings for a complete and accurate statement of their contents, including signatures.

17. Admit that Mr. Budko served as ARCP's Executive Vice President and Chief Investment Officer from December 2010 until January 8, 2014; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 and refer to the referenced public filings for a complete and accurate statement of their contents, including signatures.

18. Admit that Mr. Jones served as ARCP's Chief Operating Officer from February 28, 2013 through November 7, 2013; and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 and refer to the referenced public filings for a complete and accurate statement of their contents, including signatures.

19. State that the allegations of Paragraph 19 are not factual allegations, and thus no response is required.

20. Admit that Mr. Kahane served as a member of the ARCP Board of Directors from February 28, 2013 until June 24, 2014.

21. Admit that Mr. Michelson served as a member of the ARCP Board of Directors from October 2012 until April 1, 2015.

22. Admit that Mr. Stanley was a director of American Realty Capital Trust IV, Inc. ("ARCT IV") and subsequently served as a member of the ARCP Board of Directors from January 2014 until September 29, 2015.

23. Admit that Governor Rendell served as a member of the ARCP Board of Directors between July 2011 and October 2012 and again from February 2013 until April 1, 2015.

WEIL:\96012327\2\14807.0003

24. Admit that Mr. Bowman served as a member of the ARCP Board of Directors from February 2013 until September 9, 2014.

25. Admit that Mr. Andruskevich was a director of Cole, Inc. and subsequently served as a member of the ARCP Board of Directors from February 2014 until September 29, 2015.

26. Admit that Mr. Sealy was a director of Cole, Inc. and subsequently served as a member of the ARCP Board of Directors from February 2014 until June 10, 2014.

27. Refer to the referenced public filings for a complete and accurate statement of their contents, including signatures, and otherwise state that the allegations of Paragraph 27 are not factual allegations, and thus no response is required.

28. Admit that Plaintiffs purport to assert strict liability and negligence claims based on violations of the Securities Act; and otherwise deny the allegations of Paragraph 28.

29. Deny the allegations of Paragraph 29 and refer to the referenced public filings for a complete and accurate statement of their contents.

30. Deny the allegations of Paragraph 30 and refer to the referenced public filings for a complete and accurate statement of their contents.

31. Admit that adjusted funds from operations ("AFFO") is a measure of operating performance; and otherwise deny the allegations of Paragraph 31 and refer to the referenced public filings for a complete and accurate statement of their contents.

32. Deny the allegations of Paragraph 32 and refer to the referenced public filings for a complete and accurate statement of their contents.

33. Deny the allegations of Paragraph 33, except refer to the referenced GAAP standards and SEC rules for a complete and accurate statement of their contents and refer to

ARCP's public filings for a complete and accurate statement of their contents concerning the restatement of financial information.

34. Admit that ARCP filed its Form 10-K for the period ending December 31, 2012 with the SEC on February 28, 2013 (the "2012 Form 10-K"); and otherwise deny the allegations of Paragraph 34 and refer to the 2012 Form 10-K for a complete and accurate statement of its contents, including signatures.

35. Deny the allegations of Paragraph 35 and refer to the 2012 Form 10-K for a complete and accurate statement of its contents.

36. Deny the allegations of Paragraph 36 and refer to the 2012 Form 10-K for a complete and accurate statement of its contents.

37. Admit that ARCP filed its Form 10-Q for the period ended March 31, 2013 with the SEC on May 6, 2013 (the "1Q2013 Form 10-Q"); admit that ARCP filed its Form 10-Q for the period ended June 30, 2013 with the SEC on August 6, 2013 (the "2Q2013 Form 10-Q"); admit that ARCP filed its Form 10-Q for the period ended September 30, 2013 with the SEC on November 7, 2013 (the "3Q2013 Form 10-Q"); and otherwise deny the allegations of Paragraph 37 and refer to the 1Q2013 Form 10-Q, the 2Q2013 Form 10-Q and the 3Q2013 Form 10-Q for a complete and accurate statement of their contents, including signatures.

38. Admit that ARCP filed its Form 10-K for the period ended December 31, 2013 with the SEC on February 27, 2014 (the "2013 Form 10-K"); and otherwise deny the allegations of Paragraph 38 and refer to the 2013 Form 10-K for a complete and accurate statement of its contents, including signatures.

39. Admit that ARCP filed its Form 10-Q for the period ended March 31, 2014 with the SEC on May 8, 2014 (the "1Q2014 Form 10-Q"); admit that ARCP filed its Form 10-Q for

the period ended June 30, 2014 with the SEC on July 29, 2014 (the "2Q2014 Form 10-Q"); and otherwise deny the allegations of Paragraph 39 and refer to the 1Q2014 Form 10-Q and the 2Q2014 Form 10-Q for a complete and accurate statement of their contents, including signatures.

40. Deny the allegations of Paragraph 40 and refer to ARCP's public filings for a complete and accurate statement of their contents concerning the restatement of financial information.

41. Deny the allegations of Paragraph 41 and refer to ARCP's public filings for a complete and accurate statement of their contents concerning the restatement of financial information.

42. Deny the allegations of Paragraph 42 and refer to ARCP's public filings for a complete and accurate statement of their contents concerning the restatement of financial information.

43. Deny the allegations of Paragraph 43 and refer to the referenced public filings for a complete and accurate statement of their contents and to ARCP's public filings for a complete and accurate statement of their contents concerning the restatement of financial information.

44. Deny the allegations of Paragraph 44.

45. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45.

46. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 46, and otherwise deny the allegations of Paragraph 46.

47. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47.

48. State that Paragraph 48 contains legal argument and conclusions to which no response is required.

49. Incorporate the responses to the Paragraphs 1-48 as if set forth herein; and otherwise state that the allegations of Paragraph 49 are not factual allegations, and thus no response is required.

50. Admit that on or about October 22, 2013, ARCP and Cole, Inc. entered into an Agreement and Plan of Merger; and otherwise deny the allegations of Paragraph 50 and refer to the Cole Merger Materials (as defined in the Complaint) and ARCP's other public filings for a complete and accurate statement of their contents concerning the Cole Merger (as defined in the Complaint).

51. Deny the allegations of Paragraph 51 and refer to the Cole Merger Materials (as defined in the Complaint) and ARCP's other public filings for a complete and accurate statement of their contents concerning the Cole Merger (as defined in the Complaint).

52. Deny the allegations of Paragraph 52 and refer to the Cole Merger Materials (as defined in the Complaint) and ARCP's other public filings for a complete and accurate statement of their contents concerning the Cole Merger (as defined in the Complaint).

53. Incorporate the responses to Paragraphs 40-43 as if fully set forth herein; and otherwise deny the allegations of Paragraph 53 and refer to the Cole Merger Materials (as defined in the Complaint) and ARCP's other public filings for a complete and accurate statement of their contents concerning the Cole Merger (as defined in the Complaint).

54. Admit that Plaintiffs purport to seek relief under Section 11 of the Securities Act as indicated in Paragraph 54; and otherwise deny the allegations of Paragraph 54, including any liability to Plaintiffs.

55. Incorporate the responses to the Paragraphs 1-54 as if set forth herein; and otherwise state that the allegations of Paragraph 55 are not factual allegations, and thus no response is required.

56. Admit that on May 21, 2014, ARCP entered into an agreement related to the sale of 138 million shares of ARCP common stock at $12.00 per share, and otherwise deny the allegations of Paragraph 56 and refer to the May 2014 Equity Offering Materials (as defined in the Complaint) and ARCP's other public filings for a complete and accurate statement of their contents concerning the May 2014 Equity Offering (as defined in the Complaint).

57. Deny the allegations of Paragraph 57 and refer to the May 2014 Equity Offering Materials (as defined in the Complaint) and ARCP's other public filings for a complete and accurate statement of their contents concerning the May 2014 Equity Offering (as defined in the Complaint).

58. Incorporate the responses to Paragraphs 40-43 as if fully set forth herein; and otherwise deny the allegations of Paragraph 58 and refer to the May 2014 Equity Offering Materials (as defined in the Complaint) and ARCP's other public filings for a complete and accurate statement of their contents concerning the May 2014 Equity Offering (as defined in the Complaint).

59. Admit that Plaintiffs purport to seek relief under Section 11 of the Securities Act as indicated in Paragraph 59; and otherwise deny the allegations of Paragraph 59, including any liability to Plaintiffs.

60-230. State that because Paragraphs 60-230 contain allegations that relate solely to claims that are not asserted against the Outside, Non-Management Directors, no response is required.

WEIL:\96012327\2\14807.0003

No answer is required in response to the statement in Plaintiffs' Prayer for Relief. To the extent a response to those statements is deemed necessary, the Outside, Non-Management Directors deny those statements and request that the Court deny all relief requested by Plaintiffs, dismiss the Complaint as to the Outside, Non-Management Directors in its entirety and with prejudice, and order such further relief in favor of the Outside, Non-Management Directors as the Court deems just and proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion where such burden properly rests with Plaintiffs, and without waiving and hereby expressly reserving the right to assert any defenses at such time and to such extent as discovery and factual developments establish a basis therefore, the Outside, Non-Management Directors assert the following defenses to the claims asserted in the Complaint:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any and all of the actions taken by the Outside, Non-Management Directors were, at all times, lawful, proper and consistent with the Outside, Non-Management Directors duties and obligations, and the Outside, Non-Management Directors did not otherwise have any obligation or duty to take any other action.

## THIRD DEFENSE

The Outside, Non-Management Directors had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the Cole Merger Materials and the May 21 Equity

11

Offering Materials became effective, that the statements in those materials were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

### FOURTH DEFENSE

The Outside, Non-Management Directors acted at all times in good faith, and had no knowledge, and were not reckless or negligent in not knowing, that any alleged statement or omission was false and misleading.

### FIFTH DEFENSE

The Outside, Non-Management Directors did not directly or indirectly induce the acts alleged in the Complaint to support claims under the Securities Act of 1933.

### SIXTH DEFENSE

No action or inaction by the Outside, Non-Management Directors is the cause, in law or fact, of any injury that Plaintiffs suffered, and their alleged losses were not proximately caused by the Outside, Non-Management Directors.

### SEVENTH DEFENSE

Any alleged depreciation in the price of ARCP securities resulted from intervening or independent causes unrelated to any alleged misstatements or omissions on the part of the Outside, Non-Management Directors.

### EIGHTH DEFENSE

The allegedly false statements of material fact, and/or omissions of material fact, in the Cole Merger Materials and the May 21 Equity Offering Materials (each as defined in the Complaint) were not material to the investment decisions of a reasonable investor.

NINTH DEFENSE

The Outside, Non-Management Directors are not liable to Plaintiffs because any alleged misstatements in the December 23, 2013 Registration Statement, May 2014 Equity Offering Materials, and 2013 Shelf Registration Statement (each as defined in the Complaint) were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

TENTH DEFENSE

Any alleged misstatements in the materials relating to the Cole Merger Materials and the May 21 Equity Offering Materials (each as defined in the Complaint) were non-actionable statements of opinion, puffery, or soft information.

ELEVENTH DEFENSE

With respect to any part of any of the materials relating to Cole Merger Materials and the May 21 Equity Offering Materials (each as defined in the Complaint) purporting to be made on the authority of an expert or purporting to be a copy or extract from a report or valuation of an expert, the Outside Non-Management Directors had no reasonable grounds to believe and did not believe, at the time such part of those materials became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such materials did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert.

TWELFTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, because the Cole Merger Materials and the May 21 Equity Offering Materials (each as defined in the Complaint) did not make any false or misleading statements of material fact or omit to state any material facts, and

the Outside, Non-Management Directors are not otherwise responsible in law or fact for any alleged false or misleading statements or omissions of material fact mad, or manipulative or deceptive devices employed, by any other defendant or any non-party to this action.

### THIRTEENTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### FOURTEENTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by their own actions, omissions and/or negligence.

### FIFTEENTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, because they improperly rely on documents or statements not incorporated into the Cole Merger Materials and the May 21 Equity Offering Materials (each as defined in the Complaint) contrary to, among other things, the express language of the offering materials and Securities and Exchange Commission rules and regulations.

### SIXTEENTH DEFENSE

The claims of Plaintiffs also barred, in whole or in part, because they improperly rely on statements in prior filings that were modified or superseded by the Cole Merger Materials and the May 21 Equity Offering Materials (each as defined in the Complaint) contrary to the language of those offering materials and S.E.C. Rule 412, 17 C.F.R. § 230.412.

SEVENTEENTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, because Plaintiffs knew, or in the exercise of reasonable care could have known, of the alleged untruths and/or omissions of which they complain.

EIGHTEENTH DEFENSE

Plaintiffs lack standing to maintain some or all of their claims against the Outside, Non-Management Directors.

NINETEENTH DEFENSE

To the extent Plaintiffs purchased ARCP securities on the secondary market that are not traceable to the registration statements for the Cole Merger and the May 21 Equity Offering (each as defined in the Complaint), Plaintiffs are not entitled to any recovery.

TWENTIETH DEFENSE

Plaintiffs, at all relevant times, had a duty to take reasonable action to minimize any damages alleged sustained as a result of the facts alleged in the Complaint, and Plaintiffs failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

TWENTY-FIRST DEFENSE

Plaintiffs purchased ARCP securities with actual or constructive knowledge of the risks involved in an investment in ARCP securities, and thus assumed the risk that the value would decline if such risk materialized.

TWENTY-SECOND DEFENSE

Plaintiffs did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing or selling any ARCP securities.

TWENTY-THIRD DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrine of laches, waiver, equitable estoppel, in *pari delicto*, unclean hands, and/or other related equitable doctrines.

TWENTY-FOURTH DEFENSE

Plaintiffs are limited to those damages authorized by the Securities Act of 1933 and may not recover damages in excess of those authorized by these statutes or by regulations promulgated pursuant to these statutes.

TWENTY-FIFTH DEFENSE

The Outside, Non-Management Directors hereby adopt and incorporate by reference any defenses asserted, or to be asserted, by any other defendant to the extent that the Outside, Non-Management Directors may share in or be entitled to assert such defenses.

ADDITIONAL DEFENSES

The Outside, Non-Management Directors assert, and expressly reserve all rights with respect to, all claims, counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery. The Outside, Non-Management Directors also assert, and expressly reserve all rights with respect to, all other defenses and affirmative defenses that may be revealed during the course of discovery. The Outside, Non-Management Directors expressly reserve the right to amend and/or supplement this Answer.

WHEREFORE, the Outside, Non-Management Directors pray for:

1.    A judgment and decree dismissing the Complaint as against the Outside, Non-Management Directors in its entirety and with prejudice;

2. A judgment and decree awarding costs, including attorneys' fees, to the Outside, Non-Management Directors; and

3. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 17, 2017

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: /s/ Richard W. Slack
Richard W. Slack
Christopher L. Garcia
Evert J. Christensen, Jr.
767 Fifth Avenue
New York, New York  10153
(212) 310-8000 (Telephone)
(212) 310-8007 (Fax)

Attorneys for Defendants Thomas A. Andruskevich, Leslie D. Michelson, Edward G. Rendell and William G. Stanley